## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DONALD BROOKS, | : | |
| | : | |
| Plaintiff, | : | Case No. _____ |
| | : | |
| v. | : | |
| | : | |
| GENERAL MILLS OPERATIONS, LLC, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff is a putative class member and unnamed plaintiff in separate class action litigation pending in this Court, Case No. 1:24-cv-02409-MLB-JKL. Pursuant to the parties' consent Omnibus Management Consent Order in that case (Doc. 36), Plaintiff hereby files his known ripe claims.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protections of civil rights, and pursuant to 28 U.S.C. § 1331, which confers original

jurisdiction upon this Court in a civil action arising under the Constitution or laws of the United States.

### 2.

Plaintiff asserts claims under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981").

### 3.

Pursuant to 28 U.S.C. § 1391(b), § 1391(c), and N.D. Ga. L.R. 3.1, the Atlanta Division of this Court is the proper venue for Plaintiff's claims because Defendant is subject to this Court's personal jurisdiction, 28 U.S.C. § 1391(c)(2), and a substantial part of the events or omissions giving rise to the claim occurred within the Atlanta Division of this Court. *See also* N.D. Ga. L.R. 3.1(B)(1)(a) and 3.1(B)(3).

## **PARTIES**

### 4.

Plaintiff is a Black male and a former employee of Defendant who worked at General Mills' manufacturing facility in Covington, Georgia, until he was terminated around October 2023.

### 5.

Plaintiff is a citizen of the United States and resident of the State of Georgia; he submits himself to the jurisdiction of this Court.

6.

General Mills Operations, LLC ("Defendant" or "General Mills"), is a Delaware limited liability company with its principal place of business in Minneapolis, Minnesota, and was properly served by personal service of process upon its registered agent, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046.

**STATEMENT OF FACTS**

7.

Brooks began work for General Mills around January 2023.

8.

Brooks asked supervisors Jerry Sermon and Thomas Riester for additional training, but it was not provided to him.

9.

Even though Level 5 technicians are supposedly required to train lower level technicians, white supervisors do not actually require Level 5 technicians to properly train Black employees.

10.

As a result, Brooks was trained by a Level 2 technician who was not fully or adequately trained.

11.

Brooks was frequently blamed for things that were not his fault. For instance, he was reprimanded for saving audits incorrectly, but any audits he saved could have been, and were, tampered with by other employees.

12.

To follow up on prior verbal requests for training and prior verbal complaints about not receiving sufficient training, Brooks gave his supervisor a written complaint about insufficient training.

13.

Two days after providing the written complaint about training, Brooks was terminated.

14.

Brooks was told that he was being terminated because he was unable to comprehend simple duties, and he was nearly the end of his probationary period.

15.

Similarly situated white employees, including those who performed more poorly than Brooks, were treated more favorably than Brooks due to his race.

4

16.

Brooks' supervisors discriminatorily assumed that he was incapable of performing the work when, in reality, he was not given the same training opportunities as white employees.

17.

When Brooks complained about the disparate treatment he was receiving with training, he was retaliatorily terminated.

## COUNT ONE

42 U.S.C. § 1981:  Race Discrimination

18.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

19.

Pursuant to the Civil Rights Act of 1866 –

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like

punishment, pains, penalties, taxes, licenses, and exactions of

every kind, and to no other.

42 U.S.C. § 1981(a).  This provision applies to nongovernmental discrimination.  *Id.*

at § 1981(c).

20.

General Mills has knowingly allowed white supervisors and decision

makers who are members of a fraternal white supremacist organization, "the

Good Ole Boys," to operate the Covington facility in a manner that systematically

discriminates against Black employees by not providing them the same

employment opportunities as white employees

21.

Brooks' supervisors were aware that he was not being provided training but

held accountable as if he were.

22.

Brooks would not have been terminated but for his race because white

employees are provided training and given the benefit of the doubt, along with

additional chances, when they struggle to perform adequately.

23.

Plaintiff asserts a disparate treatment claim pursuant to 42 U.S.C. § 1981.

24.

The actions by General Mills described in this Count amount to an ongoing and continuous violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

25.

Plaintiff is entitled to an award of damages against Defendant in an amount equal to all monetary and non-monetary losses he suffered.

## COUNT TWO

42 U.S.C. § 1981:  Retaliation

26.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

27.

Plaintiff engaged in a protected activity when he complained about disparate training practices to his supervisors.

28.

In retaliation for Plaintiff's complaints, Defendant took materially adverse actions against him, including not providing training to Brooks but nonetheless terminating him for not allegedly not knowing how to perform his job.

29.

Plaintiff asserts a retaliation claim pursuant to 42 U.S.C. § 1981.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a)   Declaratory judgment that General Mills violated Brooks' § 1981 rights;

(b)   Temporary and permanent injunctive relief, along with this Court's oversight for a reasonable duration, disbanding the Good Ole Boys, holding racist technicians and decisionmakers accountable, and implementing lawful employment practices that give employees the full benefit of employment at General Mills without regard to race or other protected characteristics;

(c)   Full back pay from the date of Brooks' termination from the company taking into account all raises to which Brooks would have been entitled but for Defendant's unlawful activity, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d)   Reinstatement or front pay to compensate Brooks for lost future wages, benefits, and pension;

(e)   Full amount of financial losses caused to Plaintiff as a result of the racist employment practices at the Covington facility;

(f)   Compensatory damages in an amount to be determined by the enlightened conscience of the jury for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(g)   Award of costs and expenses of this action, together with reasonable attorney and expert fees;

(h)   Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendant for its conduct toward Plaintiff and deter Defendant from similar conduct in the future;

(i)   Judgment against Defendant for damages incurred by Plaintiff;

(j)   Judgment against Defendant in an amount to fully and adequately compensate Plaintiff;

(k)   An award of pre-judgment and post-judgment interest;

(l)   A trial by jury on all issues triable to a jury; and

(m)   Other and further relief as the Court deems just and proper.

9

Respectfully submitted this 18th day of February 2025.


By:    /s/ Douglas H. Dean
       Georgia Bar No. 130988
       Attorney for Plaintiff
       Dean Thaxton, LLC
       601 E. 14th Avenue (31015)
       Post Office Box 5005
       Cordele, Georgia 31010
       T:  (229) 271-9323
       F:  (229) 271-9324
       E:  *doug@deanthaxton.law*


By:    /s/ Linda G. Carpenter
       Georgia Bar No. 111285
       Sharon L. Neal, Esq.
       Georgia Bar No. 536060
       Attorneys for Plaintiff
       The Brosnahan Law Firm
       31 Lenox Pointe, NE
       Atlanta, GA 30324
       T:  (404) 853-8964
       F:  (678) 904-6391
       E:  *lgc@brosnahan-law.com*
       E:  *sharon@brosnahan-law.com*